UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MACKENZY NOZE,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent*.

No. 3:20-cv-361 (JAM)

## ORDER DENYING MOTION FOR POST-CONVICTION RELIEF

Mackenzy Noze has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 seeking to challenge the validity of his federal fraud convictions. Because it is clear that there is no merit to his claims, I will deny the motion.

### BACKGROUND

Noze was the leader of a group of people who staged car crashes for the purpose of fraudulently collecting insurance benefits. In June 2017, a federal trial jury returned guilty verdicts against him on multiple counts of wire fraud, mail fraud, and conspiracy to commit mail and wire fraud. *See generally United States v. Mackenzy Noze*, 16cr100 (D. Conn.). In October 2017, I sentenced Noze to concurrent terms of four years imprisonment on each of the nine counts of conviction. Doc. #1-1 (judgment). Noze and one of his co-defendants appealed, and the Second Circuit affirmed the judgments against them. *See United States v. Dugue*, 763 F. App'x. 93 (2d Cir. 2019).

Noze has now filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The Government opposes the motion.

**DISCUSSION**

Noze seeks relief under 28 U.S.C. § 2255, a statute that allows a sentenced federal prisoner to seek post-conviction relief on the ground that he has been convicted or sentenced in violation of law. *See Dhinsa v. Krueger*, 917 F.3d 70, 80-81 (2d Cir. 2019). The burden rests on the prisoner to show facts or law establishing that the conviction or sentence was unlawful. *See Lasher v. United States*, 970 F.3d 129, 131 (2d Cir. 2020); *United States v. Hoskins*, 905 F.3d 97, 103 n.6 (2d Cir. 2018).

Noze argues that his conspiracy conviction is invalid because the indictment was filed beyond the statute of limitations. Count Nine of the indictment charged a mail-and-wire fraud conspiracy in violation of 18 U.S.C. § 1349 lasting from approximately April 2011 through the date of the filing of the indictment on May 18, 2016. Doc. #1 at 9-10 to *United States v. Noze*, 16cr100 (indictment).

Like most federal crimes, the conspiracy charge was subject to a five-year statute of limitations. *See* 18 U.S.C. § 3282(a). Despite the fact that a small part of the charged conspiracy period occurred more than five years before filing of the indictment, it is well-established that a conspiracy charge is not barred by the statute of limitations so long as any part of the conspiracy has continued into the limitations period. *See, e.g.*, *United States v. Mason*, 479 F. App'x 397, 398 (2d Cir. 2012); *United States v. Rastelli*, 870 F.2d 822, 838 (2d Cir. 1989). In view that most of the charged conspiracy in this case occurred within the five-year period before the filing of the indictment, there is no merit to Noze's claim that the conspiracy charge was barred by the statute of limitations.

Noze next argues that, because his native language is Haitian Creole, he was unable to fully understand the nature of the charges against him and to assist in his defense before or

during trial. This argument is conclusively refuted by the record of trial proceedings as recited in the Government's opposition memorandum. For example, on the second day of trial, I inquired directly of Noze whether he was "having any trouble following the proceedings as we're going along," and he replied "No." Doc. #6 at 19. Then I asked: "You understand everything?" Noze answered: "Yes, I do." *Ibid.* Defense counsel then confirmed that there was no reason to appoint an interpreter. *Id.* at 19-20. I advised Noze that he should alert his counsel if he had "any concerns at any point where you don't understand something that's being said in court," and he responded "Yes, Your Honor." *Id.* at 20. In view of this colloquy and other passages cited by the Government in its opposition memorandum, there is no merit to Noze's claim that he was unable to understand the charges or the trial proceedings.

## CONCLUSION

For the reasons stated above, the motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is DENIED. Because Noze has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of Court shall enter judgment in favor of the United States and close this case.

It is so ordered.

Dated at New Haven this 1st day of October 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge